Good morning, Your Honors. If it pleases the Court, my name is June Coleman, and I represent Appellant A.R.M. We're here today to solve a simple, and I think it's a simple question, to determine whether debt collectors and creditors can collect the full compensation, including statutory interest, without obtaining a judgment. Now, there's no California court that has addressed this particular issue since the late 1800s. I don't believe it's ever been addressed by the California courts. So this court sits to review California law. I think it's important to understand the background in which we're set here. Should we certify the case? You know, I mean, that's a possibility. I mean, there's, we are asking for a determination of what California law is. That's typically the classic reason to certify a case. I believe that the California court, California Supreme Court, has always, almost always expansively decided that prejudgment interest is applied in all sorts of instances. But that is one option that this panel has. Doesn't the Civil Code statute answer the question, though? I mean, what is it that's so mysterious about 3287 that, and there may not be a court case on it, but isn't the statute enough guidance? Well, you know, the FDCPA section 1692 F1 says that debt collectors can collect amounts that are either authorized by statute or authorized by contract. And here we're dealing with a statute. And I would suggest to the court that 32, Civil Code section 3289 provides the basis for support for collection of that amount. And let me remind the court that the Rosenthal Fair Debt Collection Practices Act, found in California Civil Code 1788 at SEC, transmits, transmutes, all of the obligations of the FDCPA nearly into California law. The Rosenthal FDCPA. I mean, 3289 just says this is the statutory rate. It doesn't say anything about your entitlement to collect it. 3289 just says any contract after 1986 shall bear a 10% rate. It doesn't say you as a debt collector are entitled to get that. That's 3287. Well, I would suggest to the court that 3289 is simply a statute that fills in a blank term. And, you know, 3287, nowhere in the Code of Civil Procedure. Why do you want to certify a question when 3287A says that a person is, quote, entitled also to recover interest thereon from that day, unquote, the day upon which the debt is owed. If the debt is owed, say, immediately or 30 days thereafter on billing, it is from that day that it is owed. I agree wholeheartedly that regardless of whether you focus on 3289 or 3287, I think it's clear that interest is owed. The 3287 subsection A does not allow the court to have any discretion about awarding prejudgment interest. That's why I'm puzzled that you started off by telling us there are no cases since the 19th century. I think the statute is all you need, but that's up to you. But let me ask you this. You say there's no court involved. I mean, it has to be, as Judge Vail was suggesting, it's got to be a debt certain. It's got to be a certain amount. It does. Now, in this record, didn't the plaintiff dispute the bill? You know, plaintiff did dispute the bill. However — Well, isn't that enough to kill your certainty argument? The statute 3287, which talks about certainty, has been interpreted to mean reasonably calculable. And in this case, the services provided were set forth, they were set for a certain dollar figure. It is true that a plaintiff disputed the debt, and she did so without any support as to what the basis of her — We're not — I mean, shouldn't the district — I understand the district court did not So shouldn't we remand on that issue and allow the trial court to make a decision about whether the debt's certain or not? Because I don't think we can — we can't decide that. We're not going to adjudicate whether her bill was accurate or not. That's for the trial court to do. Well, I think that if the court looks at the FDCPA cases that I cited that talk about whether there is a basis for the award without any discretion by the court, those cases establish that defendant has not violated the FDCPA. I don't believe that you need to make a determination that the dispute was valid or not, but I suggest that the court look at plaintiff's declaration because she says it's disputed. She went to her insurance company. The insurance company said it was accurate, and that information is in the court record for the panel. Ms. Coleman, did you cross — move for summary judgment? No. Then why isn't Judge Donato correct that it has to go back, even if we find, in accordance with your request, that 3287A allows interest from the date the debt is due? If the debt is $400, according to the dentist, and $200, according to Ms. Diaz, right? You get interest only on $200 if Ms. Diaz is correct, not on $400. So the determination of what she owes has to be made by the district court judge. Is it not? I don't actually think it does, Your Honor, because I think that California law allows for a demand letter to be sent based on what is reasonably calculable. I believe that you'll find that the small claims court, she agrees to pay the amount of the debt. So your position is that she only sues for the debt collection practice's violation. Once that's determined, she has — then the debt collector can go ahead and collect principle and interest, and she can dispute the principle at that time. Yes. And I think if the court were to look at specifically — you know, there's a Seventh Circuit case that talks about a demand for reasonable attorney's fees that were fees had to be reasonable, and arguably a court would have to determine what the reasonableness is, then the plaintiff argued, the debtor argued, that claiming an entitlement to some dollar amount violated 1692F sub 1. And the Seventh Circuit came back and said that because the contract allows for reasonable attorney's fees, a claim for reasonable attorney's fees does not violate the FDCPA. Well, but, you know, in that case, the word reasonable is sort of baked in, okay? I mean, here you've got a dentist's bill. It's either correct or not correct. It's a kind of a binary decision. Yes, the bill is correct, or no, it's not. And 3287A says you can only get the interest if the damages are certain. And right now, it seems to me that there's a major fact gap here, which is nobody has decided, the district court did not decide, whether the damages are certain. So I don't even know how we get to the whole statutory issue until that issue gets resolved. And again, I would note for the court that certainty does not mean this is what the debt is. Certainty means reasonably calculable. In terms of what Judge Donato is asking about, we're talking about the dentist's bill. That is correct. But this lawsuit is about the interest, right? Right. They don't claim that you didn't have the right to try to collect the underlying bill. Right, exactly. Okay, so we're talking about whether the dental bill is either certain or can be made certain by a mathematical calculation. And in the Rabinowitch case, the existence of a bona fide dispute between the parties as the amount owing under an express contract does not render the sum unliquidated and, as Judge Donato would say, uncertain. And this was a dispute as to rent owed. Let me go back to Judge Silverman's question. So are you asking us to construe the statute and then it has to go back to the district court to determine? It sounds like what you're asking now, you just want us to say you're entitled to the 10%. And then the district court is going to have to go back and say 10% of what, right? I mean, someone has to do that calculation. I don't think we can do that. I don't believe that the court has to do that, either at the district level or at this level. But she doesn't agree with you that that's what she owes you. She's telling you that bill is wrong. I don't know if she's right or not. Okay, but the issue is, can the debt collector call up the debtor and say, we want to collect our dental bill plus the interest on what you owe us? It has nothing to do at this point with the judge or the court, does it? No, it does not. It does not. She says, go to hell, I'm not paying the bill. Then you go to court and the judge will decide you owe the bill, you don't owe the bill, you saw the dentist, you didn't see the dentist, whatever it was, and then calculate how much, if anything, is due and then set interest. But that's when you get to court. This is the guy on the phone saying, I'm calling from Dr. Schmoe's office and you haven't paid your bill, we want to collect the bill plus what you owe us, the interest. Plus 10% interest. To be determined later, that's all. Right, exactly. Because this is just a demand for payment. There doesn't have to be a blessing of the amount before. This lawsuit involves Ms. Diaz as the plaintiff who's claiming a statutory right not to pay interest, period. She's not claiming that the debt is not owed. Is that correct? She does claim that the debt is not owed in her declaration. However, she doesn't provide any basis for why the debt is not owed. But she's seeking as a remedy, a statutory remedy for violation of a debt collection practice, right? Right. And that's what we have before us. Right. And the evidence before the court establishes that her carrier told her the amount was okay, in small claims, there was a small claims action, and she settled the small claims action for the entire amount of the bill. I don't see how this makes any difference. The question is whether these people have the right to call her up and say, we want to collect our bill plus the interest from the date you defaulted. And I agree with you, Your Honor. Well, that's why I don't understand why you're getting sidetracked by this other stuff. Because Judge Donato would... It's my fault. Why don't you reserve it? You have three minutes left. I will, Your Honor. Thank you very much. Judge Donato will take the fall. Good morning. Good morning, Your Honors. Michael Crowley on behalf of Ms. Diaz, along with Andrei Burdan and Eric LaGuardia, who were on the briefing. Good morning. I do think Judge Silverman is directly on track here, and I think we're losing track. We're really not arguing here that there might not be interest awarded somewhere down the road. We're not saying, Judge Villa, that there might not be a right. What we're talking about is, under the FDCPA, the misleading statement that was sent to Ms. Diaz saying that interest will accrue from this date on this amount. Was it owed as of that date? They didn't have a date. They couldn't even agree on a date. Had she had the dental work? She had the dental work. How long between having the dental work and the demand was there? I can't answer that question precisely, but what I can answer... Can you give me an estimate? I think that it went on for six months or so. All right, and then usually one pays a dentist when the dentist does his work, right? Yes. At least when I have my teeth cleaned, I pay it before I leave the dentist's office, right? A little better relation with my dentist, but they send me a bill. Some dentists send... but you pay at least in 30 days. So this amount was due. She might dispute the amount, right? But it was due, and then the debt collector says, we want to collect this amount plus interest from this date, which succeeded the date it was due, right? So they were giving her a break. That's the very point that's made, because under the FDCPA, make no mistake that what they were saying to Ms. Diaz was, you're going to owe a lot more money. That was misleading because of the interest. Whether they put it later or there, they didn't give the rate, they didn't give the date that it accrued. The rate is stated in 3289, 10%. There are cases that have given less. She's charged with knowledge of the law. Next. There are cases that have given less than that. The only thing that the 10% does, as Judge Anello pointed out, and I think the law is clear on this, is that the legislature agreed based on the California Constitution that said after judgment, after judgment, 7% could be collected unless the legislature wants to make it 10%. And that's all they did in 3789. They did not make it a self-help statute. It says 10% after the breach. The breach is not payment of the dental bill before you leave the office. And if they had said that you owed this debt when you left the office and your interest would only run at this rate at the time, it wouldn't have been misleading in the letter they sent. They're giving her a break. They're saying the interest is running as of the date of this letter, which is after she's left the dentist's office. They did not tell her that. They said you owe interest. They didn't give a date when that interest began to accrue. They didn't give a date as to the rate. You're saying that they can decide that there has been a breach. That's the problem. People, the least sophisticated person, which is the rate, which is the standard that we have to use for FDCPA, receives the letter. Let me just jump in. I'm a little confused now because the issue in front of the district court was whether the defendant, whether Kubler, could collect what the district court called pre-judgment interest. And he said no because there was no judgment. And now the issue is your opponents are saying, well, under 3287A, if the debt can be made certain, we get 10%. And I don't hear you. Now what I hear you saying is, oh, well, the consumer wasn't adequately informed. The notice was vague. Well, what about the 3287A issue? I mean, don't you agree that Kubler gets that? Let me back up for a second as to the premise of your question. It's not, that is not what was before the district court. The district court, what was before the district court was whether there was a violation of the FDCPA in the letter that was sent to Ms. Diaz. As part of that, the judge said it was misleading, it was false, it was deceptive because of the fact that they said you owe interest on this amount with an undated specificity without any interest rate put. And the least sophisticated investor is going to say, well, I may owe, like credit cards do, 25% every month may be accruing. And that's what the FDCPA is all about. Let me ask you this. Do you agree then that under Civil Code section 3287A, that Kubler is entitled to get 10% on a certain debt? If the debt can be made certain, they're entitled to 10%. Judgment or not, they get 10% interest on that certain debt under 3287A. Do you agree with that? If the premise of your question, hypothetically... It's not a hypothetical question. I'm asking you whether you agree or not. Then tell me why you don't agree. Can I finish? Let me finish. Why do you not agree with the plain language of 3287A, which says you get interest on a debt that can be made certain? It also says on a particular day. The part that I disagree about is the fact that none of that is specified in the letter and that's what violates the FDCPA. That's what's before the court, whether there's a violation of the FDCPA. Is there a possibility of interest? Yes. I don't disagree with that. So if that's the question, is there a possibility? Yes. And if they had said in that letter, you may, may also be liable for 10%, that would not, perhaps, violate the FDCPA. There may be other factors that cause that. This letter was sent specifically to scare Ms. Diaz into thinking that she's going to owe tons more money if she doesn't pay up right away. Isn't that true? I mean, if she doesn't pay the bill, she's going to owe the bill plus the interest. What exactly is untrue about that? Because what you're doing is you're allowing the debt collector to determine, first, whether there was a breach, second, whether the, when that breach occurred. Well, I mean, that's like anybody. You owe a debt. You say, I sent you a bill, you didn't pay it. And if a person... And you're not quarreling that they have the right to try to collect... Right. Okay, so they have the right to call her up and say, Ms. Diaz, you owe us 600 and some odd dollars, right? Correct. Now, your problem is they also said, plus you owe us interest from the day you blew off the bill. If they had said something to that effect, I would probably have less problem. The problem is they used it as a tactic and didn't put any of the specificity of it. That's what... What's the tactic? They have the right to collect 10% interest from when she defaults on the bill. You say 10%. Okay, let's, you have the right to collect interest. What's wrong with that? That's the problem, because you're putting the law in their hands to determine... Well, the statute says how much it's going to be. Now, maybe they didn't repeat the statute, but what's wrong with saying you owe us $600 and furthermore, you're going to owe us interest, statute parentheses, statutory interest, from when you declined to pay it? The problem is that the way they used it is a violation of the FDCPA. Why? Tell me why. Because they say, and you're going to owe a lot more interest on it, too. Now, do they have an underlying possible legal basis where a court decides that? Yes, but the whole point of the FDCPA is to prevent these kinds of tactics that happen when they send out something where they decide that... What is untrue about what they've said? That's what I can't get my mind around. What is untrue is that they... A judge may say, I don't think that there was certainty and therefore you don't owe interest on it. Or the judge could say that they owed less interest on it. Or the judge could find that there was a different date of breach and the interest would be much less. Mr. Crowley, what you're saying is that the letter was insufficiently precise in not stating the date upon which the debt was owed and the rate of the interest that was owed thereon and that therefore the combination of not stating those elements effected a misleading and violative use of a statute. Yes. Do you have any case that says that? There's no cases on either side. I didn't think so. But there are lots of cases, Your Honor. Many, many, many cases from this court and I would cite to the Gonzales case that says the least sophisticated investor is the standard we have to use. We're talking about somebody that is naive, someone that doesn't have even average intelligence. That's what this court has said over and over again that the FDCPA has to take into account when making these rulings. And when a person gets a letter that says you owe lots more, you could, if it said could, if it put a qualifier in there, it says you owe interest, that was misleading. And that's the type of thing that the FDCPA is intended to protect against for the person that received it. Really all you're saying is you just wanted the word may owe. You wanted the phrase may owe. That's it. Your entire claim is rather than saying you will owe, you just wanted to say you may owe. And the omission of the conditional may makes this an FDCPA violation. I probably wouldn't back myself back to that corner, but yes. That's effectively what you're saying. Yes. But you do agree they're entitled to interest. Now you can quibble about the date and the amount, but you agree they're legally entitled to interest under 3287A. They may very well be. A court could find contrary to that. And that's the problem in sending the letter saying that you owe it. Okay? And that's the crux of the matter. But you also agree that when the district court said a defendant can collect interest, only with a judgment is wrong. You agree with that? I don't know if this court has to get to that particular issue. And I know that Judge Silverman brought up the certification. I would like to address that for a second. He was saying on the facts of this case under the FDCPA, it was misleading, false, and deceptive. No, the district court said without a judgment for breach of contract, defendants cannot seek to collect pre-judgment interest on plaintiff's debt. That's what the judge said. And you agree that that's not right? I agree that there is a potential for that part. Is there a potential for being able to collect interest outside of a judgment? Yes, I would agree with that. But what I don't agree with is that you can put the certainty into the letter to the consumer. That's what the FDCPA, and make no mistake, that is what this letter was about as to the certification issue. My concern about it, and I can understand, and that's one of the first things that kind of jumped at me, I think it's going to be difficult to frame a question properly to the California courts because it's the overlay of the FDCPA that's critical here. Well, you're not making a state law argument. You're making an FDCPA argument. That's true. So there's nothing to certify. That's us. We do the federal part, right? I wouldn't have said it better, Your Honor. So you're saying there's nothing to certify because in your view this is all FDCPA. Right. You don't even care about the state law and prejudgment. You think the notice itself is to federal. It becomes a circular argument in the state case because everything else talks about judgments. Every case is having a court determine it. If a court determined that, that would be fine. I believe the Seventh Circuit case that was referred to has to do with where it was actually in a complaint and they said that that was a violation of the FDCPA because of the fact that the least sophisticated consumer looks at this and goes, oh my God, and it was misleading to say that you're going to owe interest on that. That might be the end result somewhere down the road. You're worried about her thinking that the interest is going to be a tremendous amount. Yes, and that's what makes it misleading. They said it was $298.03 on a $3,000 obligation. What's misleading about $298.03? Because we don't even know what date that was calculated from. We don't know what rate they used. The date of the letter. 5-3-12. Did it expire on that day? Or was interest still accruing? As the rest of that letter says. The rest of that letter says, yeah, if you don't pay on this date that letter was sent, then you're stuck to pay interest, more interest. And we don't even know the rate that it was calculated at. We don't know what they said is the date of accrual. And did it re-accrue after the date of that letter? That's what's misleading. That's what's false. That's what's deceptive to the least sophisticated consumer. And I know it's hard for us to use that standard. It has a great difficulty, but that's what the cases over and over said. This court in the Gonzalez case made it absolutely crystal clear that that standard is very low for what is deceptive and what is false. It's not us lawyers trying to think about that. And when a person gets a letter like that that is false and deceptive, if they had said may, or if they said the court could determine that you owe more interest, then they would have been in a situation where probably it would have passed muster with the FDCPA. Do you have any other questions? I think that does it, Mr. Crowley. Thank you. Thank you, Your Honor. Ms. Coleman, you had a couple of minutes left if you choose to use them. Thank you, Your Honor. And I wanted to address some of the questions that my esteemed colleague wasn't able to do. Specifically, on pages 102 of the excerpt, there was a breach that occurred when the services were rendered. I'm sorry, it's on page 105. The contract says payment is due upon the services being rendered. On page 102, the services were rendered in March of 2011 and April of 2011. And the interest rate was demanded on May 3, 2012. And it's actually less than 10% from those dates. It's actually calculated from June 23, 2011. And I believe that that is found in the dental declaration. I don't know how to pronounce her name. That's the first point I wanted to let the Court know what those dates were. My colleague talked a lot about misrepresentation. And I just wanted to clarify I think Judge Donato pointed out that the Court's holding was not that there was a misrepresentation but that there was a violation of 1692 F1 and F1 specifically is that the debt collector claimed an entitlement or sought to collect an amount that was not supported by either an actual contract or statute. Specifically, not permitted by law. That was the issue in front of the District Court. It had nothing to do with whether the notice was adequate. It was whether under 1692 F this was, quote, permitted by law, close quote, or not. Right. And the sub-question there is because UNICAL in the Judge's opinion says that you can't request interest until it's been reduced to judgment. Is that right? You know, my reading of UNICAL No, I'm not asking about your reading. I'm asking about the Judge's reading. Yes. I believe the Judge cited UNICAL in support of his decision. Right. Now, if he misread UNICAL then the whole thing falls apart. I believe that to be the case. And so to just follow up on Judge Donato's comments on a date certain in the letter, what the interest rate in the letter, that's not raised in the complaint, the motion for summary judgment, or the Court's order. And the just to conclude quickly I think Plaintiff's argument is that we claimed that she owed it when in fact he has some question about whether it was owed. Well, she disputes the debt, so does that mean we can't ask her to pay the debt because we think she owes it? She doesn't think she owes it? Thank you very much. If the Court has any other questions. I don't think so. Mr. Crowley, thank you as well. The case just argued is submitted. We'll stand in recess for the morning.
judges: Donato, Silverman, Bea